IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| KAREN J. DUNN, | : | BANKRUPTCY NO.: 5-13-bk-04821-JJT |
| DEBTOR | : | |
| KAREN J. DUNN, | : | {**Nature of Proceeding**: Plaintiff's Motion for Default Judgment (Doc. #6)} |
| PLAINTIFF | : | |
| vs. | : | |
| IRWIN HOME EQUITY as Servicer for Irwin Union Bank and Trust, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-14-ap-00008-JJT** |

# OPINION[1]

Rather than mechanically granting the Plaintiff's Motion for Default Judgment in this unanswered Complaint, the Court determined to hold a hearing to address the relief requested by the above-captioned adversary proceeding. The Complaint to Avoid Mortgage Lien alleges that a recorded mortgage is filed by the Defendant against real property titled in both the Debtor's name and her spouse as tenants by the entireties. The loan underlying the mortgage is in the name of the Debtor's spouse only, although the mortgage was signed by the Debtor. Her spouse had filed an individual bankruptcy obtaining an Order avoiding a mortgage lien held by the Defendant (Bankruptcy case #5-05-bk-52909).

After colloquy with the Court, Debtor's counsel agreed that the female Debtor could

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

neither avoid nor strip off the mortgage securing the underlying lien in this Chapter 7 case. *Dewsnup v. Timm*, 502 U.S. 410, 417, 112 S.Ct. 773, 778, 116 L.Ed.2d 903 (1992). Debtor's counsel acknowledged that what the Debtor was trying to do was have the mortgage classified as an unsecured claim. Citing an Opinion authored by the Court in *In re Smith*, 449 B.R. 221 (Bktcy. M.D.Pa. 2011), the Court opined that the mortgage lien was, in fact, secured but inchoate, in Debtor's contingent interest. Nevertheless, the Court gave the Debtor fifteen days to file a brief in support of its position that the Court should reclassify this secured debt as an unsecured debt. A review of the docket as of the date of this Opinion indicates that the Debtor has not filed a brief in support.

The procedural posture presented in *In re Smith*, came to the Court by way of an Objection to a Proof of Claim. Property was held by husband and wife but the underlying mortgage obligation was only signed by the male Debtor along with his non-filing mother. Debtors also took the position that under Pennsylvania law, a mortgage signed by only one of two spouses owning real estate was not enforceable against the real estate as long as the real estate was owned by tenancy by the entireties. Reviewing Pennsylvania law, I wrote the following:

> Pennsylvania law is applicable to property interests in regard to a bankruptcy estate. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). A review of Pennsylvania law makes clear that a claim against one spouse owning entireties property, even though inchoate by reason of the non joinder of the spouse, is still secured. More specifically, that secured interest is in the spouse's "contingent expectant interest." *Beihl v. Martin*, 236 Pa. 519, 527, 84 A. 953, 956 (1912).

*In re Smith*, 449 B.R. at 222.

Based upon the pleadings and Debtor's argument at the time of hearing, I find no reason

to deviate from my reasoning and ruling found in *In re Smith*. I therefore find that Irwin Home Equity, Defendant, has a secured, albeit inchoate lien, against Debtor's real estate. I will therefore deny Debtor's request to reclassify Defendant's mortgage as an unsecured debt.

    My Order will follow.

By the Court,

/s/ John J. Thomas

Date: October 15, 2014

John J. Thomas, Bankruptcy Judge
(CMS)